# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| ERIC A. KELLY, | |
| Petitioner, | CIVIL ACTION NO.: 2:15-cv-58 |
| v. | |
| WARDEN FLOURNOY, | |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric Kelly ("Kelly"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 7), and Kelly filed a Response. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Kelly's Section 2241 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Kelly *in forma pauperis* status on appeal.

## BACKGROUND

Kelly pleaded guilty, in the Southern District of Florida, to two (2) counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 7, pp. 1–2.) Kelly was sentenced to 180 months' imprisonment on each count, the minimum term of imprisonment, to be served concurrently. Kelly did not file a direct appeal. (Id. at p. 2.)

Kelly filed a motion in the Southern District of Florida to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 7-5.) Kelly claimed that he was actually innocent

of the armed career criminal enhancement and that his counsel was ineffective for failing to object to Kelly being sentenced as an armed career criminal. (Id. at p. 4.) Kelly's motion was denied, although the district judge agreed with Kelly that his conviction for carrying a concealed firearm was no longer a crime of violence under the United States Sentencing Guidelines due to United States v. Archer, 531 F.3d 1347 (11th Cir. 2008). The district judge noted, however, that Archer did not apply retroactively to Kelly's sentence and did not provide him with any relief. (Doc. 7-7, p. 12; Doc. 7-8, pp. 2–3.)

Kelly also filed a previous Section 2241 petition in this Court on January 14, 2014. (Doc. 7-9.) He asserted that his prior conviction for carrying a concealed firearm is not a crime of violence under the Armed Career Criminal Act ("ACCA"). Kelly further asserted that his conviction for possession and/or sale of cocaine was punishable as a third degree felony and could not be considered a serious drug offense under the ACCA. Kelly alleged that his conviction for burglary of an unoccupied dwelling is not a crime of violence under the ACCA. Kelly contended that, as a result, he should be resentenced. (Id.) The United States Magistrate Judge recommended Kelly's petition be denied, (doc. 7-14), and the Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court over Kelly's objections. (Doc. 7-15.)

## DISCUSSION

In his current Petition, Kelly asserts that the trial court improperly used one of his prior offenses as a conviction for purposes of the ACCA. (Doc. 1-1, p. 3.) Specifically, Kelly contends one of his two prior drug offenses should not have been used as a predicate offense to determine whether he qualified for an enhanced sentence under the ACCA because he entered a plea of nolo contendere. Kelly states that a plea of nolo contendere is not considered a

conviction under Florida law, and thus, cannot be considered a conviction for ACCA purposes. (Id. at p. 4.) Kelly asserts he is innocent of the ACCA enhancement and should have only received a maximum sentence of ten years' imprisonment. (Id. at p. 5.)

Respondent avers this Court lacks jurisdiction over Kelly's Petition because he does not satisfy the savings clause of Section 2255 and cannot proceed pursuant to Section 2241.

I.  **Whether Kelly can Proceed Pursuant to Section 2241**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and

3

the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions— although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum

4

> penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay[ v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274.

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc), the Eleventh Circuit majority determined that "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[1] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320. "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Kelly was convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(e), and the statutory minimum sentence he faced was at least fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999).

Kelly's sentence of 180 months' imprisonment does not exceed the statutory maximum, as there is no applicable statutory maximum sentence. Thus, the Gilbert decision bars Kelly's claims, and he cannot proceed in this Section 2241 Petition pursuant to Section 2255(e)'s savings clause.

The Court notes Kelly's reliance on the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." ___ U.S. at ___, 135 S. Ct. 2551, 2563.[2] The Eleventh Circuit "agree[s] that Johnson announced a new substantive rule of constitutional law," but "reject[s] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, 797 F.3d 986, 990–91 (11th Cir. 2015) (denying leave to file a second or successive motion to vacate, set aside, or correct sentence based on the Johnson decision and expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, No. 15-2427, 2015 WL 4621024 (7th Cir. Aug. 4, 2015), applying Johnson retroactively to cases on collateral review); see United States v. Braun, No. 13-15013, 2015 WL 5201729 (11th Cir. Sept. 8, 2015) (applying Johnson in the context of a direct appeal); United States v. Hill, No. 14-12294, 2015 WL 5023791 (11th Cir. Aug. 26, 2015) (same); and Haugabrook v. United States, Civ. Case No. 815-cv-1756-T-24TBM, Cr. Case No.

---

[2] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

6

8:08-cr-254-T-24TBM, 2015 WL 4605750 (M.D. Fla. July 30, 2015) (declining to extend Johnson to a Section 2255 motion).[3]

Kelly does not satisfy the savings clause, and the Court need not address the relative merits of his Section 2241 Petition. Because Kelly has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Kelly's Section 2241 Petition.

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Kelly leave to appeal *in forma pauperis*. Though Kelly has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is

---

[3] The Eleventh Circuit reemphasized its stance that Johnson does not apply retroactively to cases on collateral review because the Supreme Court did not "expressly hold" that that decision, which was decided on direct review, should apply retroactively. In re Franks, ___ F.3d ___, No. 15-15456, p. 7 (11th Cir. Jan. 6, 2016).

7

frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Kelly's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Kelly's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Kelly leave to proceed *in forma pauperis*.

I hereby **ORDER** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Kelly and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA