# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ERIC A. KELLY, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:15-cv-58 |
| v. | * | |
| WARDEN FLOURNOY, | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Petitioner Eric Kelly's ("Kelly") Motion for Reconsideration of the undersigned's Order dated February 19, 2016. Dkt. No. 12. For the reasons set forth below, the Court **DENIES** Kelly's Motion. Dkt. No. 14.

## BACKGROUND

In its February 19, 2016, Order, the Court adopted the recommendation of the Magistrate Judge, over Kelly's Objections, granting Respondent's Motion to Dismiss and dismissing Kelly's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. The Court recognized that at least one Court of Appeals applies the decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct.

2551 (June 26, 2015), to cases on collateral review.[1] However, the Court also recognized the Eleventh Circuit of Appeals, whose decisions are binding on this Court, has explicitly declined to apply Johnson to cases on collateral review. In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) (expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, 795 F.3d 731 (7th Cir. 2015)). Dkt. No. 12, p. 1.

In his Motion, Kelly requests that the Court place his Section 2241 proceedings in abeyance and to stay these proceedings in light of the Supreme Court's grant of certiorari in Welch v. United States, No. 15-6418, ___ S. Ct. ___, 2016 WL 90594, at *1 (U.S. Jan. 8, 2016).

## DISCUSSION

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond

---

[1] The Armed Career Criminal Act "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.'* [18 U.S.C.] § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555-56. In Johnson, the Court struck down the residual clause, but clarified that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. at 2553.

2

Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court can discern no reason to grant Kelly's Motion. If the Supreme Court finds Johnson not to be retroactive to cases on collateral review, then Kelly would be unable to use Johnson to satisfy the savings clause of 28 U.S.C. § 2255(e) or to otherwise collaterally attack his sentence. On the other hand, even if the Supreme Court finds Johnson to be retroactively applicable, then it appears Kelly would have a remedy under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition in the district of conviction. Thus, the

3

savings clause would not apply because Section 2255 would not be "inadequate or ineffective." 28 U.S.C. § 2255(e).

In any event, the Court cautions Kelly that, in order to obtain the relief he seeks, he may need to file a petition with the Eleventh Circuit Court of Appeals under 28 U.S.C. § 2255(h) to file a second or successive Section 2255 motion to attack the validity of his sentence. This Court expresses no opinion on the ultimate merits or success of that application or any resulting motion. However, the Court forewarns Kelly that 28 U.S.C. § 2255(f) includes a one year period of limitation. For purposes of 28 U.S.C. § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted, not from the date on which the right asserted is made retroactively applicable. Dodd v. United States, 545 U.S. 353, 357 (2005).

## CONCLUSION

Kelly's Motion is **DENIED**. The Court's Order dated February 19, 2016, remains the Order of the Court. This case shall remain **CLOSED**.

SO ORDERED, this 25 day of March, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA